CHICAGO, ST. LOUIS & PITTSBURGH RAILROAD COMPANY

v.

ALFRED H. GROSS, ADMINISTRATOR.

*Master and Servant—Negligence—Personal Injuries—Failure of Foreman to Watch for Approaching Trains Agreeable to Promise—Evidence.*

In an action brought to recover from a railroad company for the death of an employe alleged to have been occasioned by the failure of a superior servant to watch, as agreed, for approaching trains, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed December 24, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Mr. GEORGE WILLARD, for appellant.

Messrs. HYNES & DUNNE, and DUNCAN & GILBERT, for appellee.

GARNETT, J.   John Kassimer Rabbitts was injured November 12, 1887, by a train of cars of appellant, and died of the injury the 27th of the same month.   The judgment in this case was given to compensate his widow and minor children for damages which they are said to have suffered by his death.   A reversal of the judgment is asked on the ground that the verdict is manifestly against the weight of the evidence.   On the trial in the Circuit Court it appeared from the evidence of appellee's witnesses, that the deceased was in appellant's employ at the time he was injured ; that he was one of the gang of men who were then engaged in relaying a railroad track for appellant, near Carpenter street, in the city of Chicago; that the gang were in charge of Philip Yoder, as foreman; that Yoder, observing the men were uneasy about the trains that were liable to be running over another of appellant's adjoining tracks, near which their work took them, told them, in substance, to attend to their work and he would look out for the trains; that afterward, and on the same day, while the deceased and several others were, in the course of their employment, about to lift a rail lying near the adjoining track, a train of appellant's cars running thereon from east to west, struck him and ran over his legs, making amputation of both of them necessary, and resulting in his death.

There is some conflict in the evidence as to the position of Rabbitts when he was struck. Several of the witnesses for appellee testified that his back was to the train, while only one witness for appellant states that he was facing the train. So far as we can discover these four men had equal opportunity for observing how he was standing, and nothing in the case makes the evidence of the one witness of appellant more reliable than of the three for appellee. The same three witnesses testified that Yoder gave no warning of the approach of the train. Yoder himself, although a witness, does not claim that he gave any notice. The questions of fact were properly submitted to the jury, and we can not say they decided them otherwise than the evidence required. So far as the law of the case is concerned it is governed by C. & A. R. R. Co. v. May, Adm., 108 Ill. 288.

No error is perceived, and the judgment is affirmed.

*Judgment affirmed.*